**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-CV-54-STV

KIMBERLY CORDOVA,

     Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,

     Defendant.

---

**ANSWER**

---

Defendant The Lincoln National Life Insurance Company ("Lincoln"), hereby responds to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY ALLEGATIONS**

**1.** **This action is brought under 29 U.S.C. § 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction based on a federal question is predicated under these code sections as well as 28 U.S.C. § 1331. This action is brought to recover benefits under the terms of employee benefit plans, to enforce Plaintiff's rights under the terms of employee benefit plans, and to clarify Plaintiff's rights to future benefits under the plans. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of the benefit plans at issue herein, and attorneys' fees and costs.**

1

RESPONSE:  Lincoln admits that Plaintiff brings an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, but denies Plaintiff is entitled to any relief with respect thereto. Lincoln denies the remaining allegations in Paragraph 1 unless expressly admitted.

**2.      Plaintiff was an employee of Centennial Lending, LLC ("Centennial"), and during her employment worked for Centennial within the judicial boundaries of the District of Colorado.**

RESPONSE: Lincoln admits that Plaintiff was, at one time, an employee of Centennial Lending, LLC ("Centennial") and that, upon information and belief, she performed at least some of her job duties within Colorado. Lincoln denies any remaining allegations in Paragraph 2 unless expressly admitted.

**3.      As an employee of Centennial, Plaintiff was a participant in the Centennial Lending Employee Benefits Program ("Plan"), which included (among other benefits) a long-term disability ("LTD") income replacement benefit insured by Group Long-Term Disability Insurance Policy No. 000010206379 ("LTD Policy") and extension of death benefits without payment of premiums ("WOP") insured by Group Insurance Policy No. 000010206376 ("Life Policy").**

RESPONSE:  Lincoln admits that the Centennial employee welfare benefit plan ("Plan") is set forth in writing and provides the best evidence of its contents. Lincoln further admits that, at certain times, Plaintiff participated in the Plan by virtue of her employment with Centennial. Answering further, Lincoln admits that it issued group long term disability policy No. 000010206379 ("Group LTD Policy") and group life insurance policy No. 000010206376 ("Group Life Policy") (collectively the "Group Policies"), which insured, at least in part, certain benefits

under the Plan. Lincoln denies any allegations of Paragraph 3 to the extent they are incomplete or inconsistent with the Plan or Group Policies.

4.     **The LTD Policy was delivered in the state of Colorado and is subject to the laws of that jurisdiction.**

RESPONSE:  Lincoln admits that jurisdiction is appropriate for purposes of this case only but denies that Plaintiff is entitled to any relief in this action. Lincoln denies any remaining material allegations in Paragraph 4 unless expressly admitted.

5.     **The Life policy was "issued in" Colorado as that phrase is defined by Colo. Rev. Stat. § 10-3-1116(8), and is, therefore, governed by Colorado law where applicable.**

RESPONSE:  The allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is necessary, Lincoln states that the Group Life Policy, which is set forth in writing and is the best evidence of its contents, is governed by ERISA. Lincoln denies the allegations contained in Paragraph 5 to the extent incomplete or inconsistent with the terms of the Group Life Policy.

6.     **The Plan, LTD Policy and Life Policy ("Policies") constitute "employee benefit plans" as that term is defined by 29 U.S.C. § 1002(3).**

RESPONSE:  The allegations in Paragraph 6 constitute conclusions of law to which no response is required. To the extent a response is necessary, Lincoln admits that the Plan and Group Policies are employee welfare benefits plans subject to ERISA. Lincoln further admits that the Group Policies and Plan are set forth in writing and provide the best evidence of their contents and denies any allegations incomplete or inconsistent therewith.

7.      **At all times relevant, Plaintiff was employed by Centennial, and was a covered "participant" in and "beneficiary" of the Plans, as those terms are defined by 29 U.S.C. § 1002(7) and (8).**

RESPONSE:  Lincoln admits that Plaintiff was, at one time, a participant in the Plan and insured under the Group Policies by virtue of her employment with Centennial. The remaining allegations in Paragraph 7 constitute conclusions of law to which no response is required. To the extent a response is necessary, Lincoln denies them.

8.      **Pursuant to the terms and conditions of the employer's benefit plan and the Policies, Plaintiff is entitled to LTD and WOP benefits for so long as Plaintiff remains disabled as required under the terms of the Plan and Policies.**

RESPONSE:  Lincoln states that the Group Policies are the best evidence of their contents and denies any allegations in Paragraph 8 incomplete or inconsistent therewith. Answering further, Lincoln denies that Plaintiff has completely and accurately set forth all the requirements for receipt of benefits under the terms of the Group LTD Policies or that she satisfied those requirements. Lincoln denies any remaining material allegations in Paragraph 8 unless expressly admitted.

9.      **Lincoln is and at all relevant times was registered with the Colorado Division of Insurance to conduct, and does conduct, the business of insurance in the State of Colorado.**

RESPONSE:  Lincoln admits that it is an insurance corporation licensed in Colorado. Otherwise, Lincoln denies any remaining allegations in Paragraph 9.

10.     **Lincoln is the insurer of benefits under the LTD and Life Policies.**

RESPONSE:  Lincoln admits that it issued the Group Policies to Centennial to fund, at least in part, the certain Plan benefits. Lincoln admits that the Group Policies are set forth in writing

and are the best evidence of their contents. Lincoln denies the allegations in Paragraph 10 to the extent they are incomplete or inconsistent with the Group Policies.

11.    **Plaintiff is informed and believes that Lincoln acted in the capacity of a claim administrator under the Plan and the Policies.**

RESPONSE:  Lincoln states that the Group Policies and Plan are set forth in writing and provide the best evidence of their contents. Lincoln denies any allegations of Paragraph 11 to the extent they are incomplete or inconsistent with the Group Policies and/or Plan. Lincoln admits that it served as the claims administrator under the Group Policies and Plan at relevant times. Lincoln denies any remaining allegations in Paragraph 11.

12.    **In administering Ms. Cordova's claims, Lincoln acted under an inherent conflict of interest, which affected Lincoln's claims determinations.**

RESPONSE:  Lincoln denies the allegations contained in Paragraph 12 of the Complaint.

13.    **Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).**

RESPONSE: Lincoln admits that jurisdiction is appropriate for purposes of this case only. Lincoln denies any remaining allegations in Paragraph 13.

## FIRST CLAIM FOR RELIEF

**Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)**

14.    **Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.**

RESPONSE: Lincoln incorporates its responses to Paragraphs 1-13, as set forth above.

15.    **During Plaintiffs employment and while she was covered under the Plan and Policies, Plaintiff became entitled to LTD and WOP benefits under the terms and conditions**

5

**of the Plan and Policies because she suffered a disability rendering her "disabled" as defined under the terms of the Policies.**

RESPONSE: Lincoln admits Plaintiff failed to met her burden of proving that she was entitled to benefits under the terms and conditions of the Group Policies. Lincoln denies that Plaintiff is entitled to any benefits under the Group Policies. Lincoln denies any remaining allegations contained in Paragraph 15.

16.    **Plaintiff's date of disability was on or around May 18, 2022.**

RESPONSE: Lincoln admits that Plaintiff stopped working on or around May 18, 2022. Lincoln denies any remaining material allegations in Paragraph 16 unless expressly admitted.

17.    **Ms. Cordova filed a short-term disability ("STD") claim because she was unable to perform each of the Main Duties of her Own Occupation.**

RESPONSE: In response to Paragraph 17, Lincoln admits that Plaintiff submitted a claim for short term disability ("STD") benefits under Group Policy No. 000010206380 ("STD Group Policy") on or about May 24, 2022. Answering further, Lincoln admits that the STD Group Policy and claim file are set forth in writing in and provide the best evidence of their contents. Lincoln denies any allegation contained in Paragraph 18 inconsistent with the written documents.

18.    **Lincoln approved Ms. Cordova's STD claim under the "Own Occupation" definition of disability through the maximum benefit period of August 17, 2022.**

RESPONSE: Lincoln admits that it approved Plaintiff's claim for STD benefits by letter dated June 27, 2022 and that she was paid for the maximum benefit period under the STD Group Policy, which ended on or about August 17, 2022. Lincoln admits that the June 27, 2022 letter is set forth in writing in the claim file and provides the best evidence of its contents. Lincoln denies any allegation contained in Paragraph 18 inconsistent with the letter or contents of the claim file.

**19.     Although Ms. Cordova hoped to return to part-time work with accommodations, she was physically unable to and moved forward with filing a long-term disability claim.**

RESPONSE: Lincoln admits that Plaintiff submitted an LTD claim and failed to meet her burden of providing proof of disability under the Group LTD Policy. With regard to the specific nature of Plaintiff's medical conditions and/or any efforts to return to work, Lincoln states that medical records and other documents concerning her medical conditions, treatment, and work history are set forth in the claim file and are the best evidence of their contents. Lincoln denies the allegations of Paragraph 19 to the extent they are incomplete or inconsistent with the written documents. Unless expressly admitted, Lincoln denies the allegations contained in Paragraph 19.

**20.     Despite Lincoln previously determining that Ms. Cordova's medical conditions prevented her from performing the Main Duties of her Own Occupation in the STD claim, Lincoln reached the opposite conclusion under the same definition of disability in the LTD claim on September 19, 2022.**

RESPONSE: Lincoln admits that, by letter dated September 19, 2022, which is set forth in the claim file and is the best evidence of its contents, it notified Plaintiff that she did not meet her burden of providing proof of disability under the Group LTD Policy. Lincoln denies the allegations contained in Paragraph 20 to the extent they are incomplete or inconsistent with the letter. Unless expressly admitted, Lincoln denies the remaining allegations contained in Paragraph 20.

**21.     On December 5, 2022, in full compliance with 29 U.S.C. § 1133, Ms. Cordova timely submitted the mandatory internal appeal to Lincoln providing a thorough history of her medical visits; lists and explanations of her symptoms and diagnoses; an explanation as**

7

**to why she cannot perform her occupation; letters from her doctors and medical records; and a paragraph explaining why she was appealing.**

RESPONSE: The allegations in Paragraph 21 constitute conclusions of law to which no response is required. To the extent a response is necessary, Lincoln admits that, by letter dated December 5, 2022, which is contained in the claim file and is the best evidence of its contents, Plaintiff appealed the LTD decision. Lincoln denies the allegations contained in Paragraph 21 to the extent they are incomplete or inconsistent with the letter. Unless expressly admitted, Lincoln denies the remaining allegations contained in Paragraph 21.

**22.     On December 22, 2022, Lincoln sent Ms. Cordova a copy of its medical records reviewer's report and provided her with an opportunity to submit a response.**

RESPONSE: Lincoln admits that its letter dated December 22, 2022, which enclosed the peer review report issued by Mahdy A. Flores, D.O., an independent physician board certified in family and occupational medicine, is set forth in the claim file and is the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 22 to the extent they are incomplete or inconsistent with the letter. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 22.

**23.     On January 10, 2023, Ms. Cordova provided Lincoln with additional medical records, and her treatment provider's rebuttal to Lincoln's medical records review.**

RESPONSE: Lincoln admits that Plaintiff submitted an e-mail dated January 10, 2023, to which certain medical information was attached. The January 10, 2023 e-mail and attachments are set forth in the claim file and are the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 23 to the extent they are incomplete or inconsistent with the e-mail and

attachments. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 23.

**24.    On February 14, 2023, Lincoln upheld its adverse decision to deny Ms. Cordova's claim for LTD benefits.**

RESPONSE: Lincoln admits that it upheld its initial determination that Plaintiff failed to meet her burden of proof under the Group LTD Policy and advised Plaintiff of the same by letter dated February 14, 2023. The letter is set forth in the claim file and is the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 24 to the extent they are incomplete or inconsistent with the letter.

**25.    With the assistance of the undersigned counsel, Plaintiff filed a second-level appeal of Lincoln's adverse LTD benefit decision and a claim for WOP benefits on August 7, 2023.**

RESPONSE: Lincoln admits that Plaintiff, through her counsel, submitted an appeal by letter dated August 7, 2023, which is set forth in the claim file and is the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 25 to the extent they are incomplete or inconsistent with the August 7, 2023 letter. Lincoln further denies that Plaintiff's appeal proved that she was entitled to benefits or any other relief. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 25.

**26.    On September 6, 2023, Lincoln provided a copy of Mitchell Stotland, M.D.'s Peer Review and provided Ms. Cordova the opportunity to respond to the Peer Review with any written comments or documentation.**

RESPONSE: Lincoln admits that its letter dated September 6, 2023, which enclosed the peer review report issued by Mitchell Stotland, M.D., an independent physician board certified in

preventative and occupational medicine, is set forth in the claim file and is the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 26 to the extent they are incomplete or inconsistent with the letter. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 26.

**27.    On September 11, 2023, the Social Security Administration ("SSA") approved Ms. Cordova's claim for Social Security Disability benefits.**

RESPONSE: Lincoln admits that the Social Security Administration ("SSA")'s Notice of Award dated September 11, 2023, is set forth in the claim file and is the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 27 to the extent they are incomplete or inconsistent with the SSA's Notice of Award. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 27.

**28.    On the same date the SSA concluded Ms. Cordova was incapable of performing any substantially gainful occupation, Lincoln reached the opposite conclusion in the WOP claim.**

RESPONSE: Lincoln admits that, by letter dated September 11, 2023, which is set forth in the claim file and is the best evidence of its contents, it notified Plaintiff that she did not meet her burden of providing proof for continued life insurance coverage without the payment of premiums ("LWOP") under the Group Life Policy. Lincoln denies the allegations contained in Paragraph 28 to the extent they are incomplete or inconsistent with the letter. Unless expressly admitted, Lincoln denies the remaining allegations contained in Paragraph 28.

**29.    Ms. Cordova submitted responses to Lincoln in the LTD claim addressing Dr. Stotland's Peer Reviews, which included treatment provider opinions, opinions from the**

10

**functional capacity evaluator, her Social Security Disability file, additional medical records, and other evidence verifying her disability.**

RESPONSE: Lincoln admits that Plaintiff and her counsel respectively submitted response letters dated September 20, 2023 and September 27, 2023, which are set forth in the claim file and are the best evidence of their contents. Lincoln denies the allegations contained in Paragraph 29 to the extent they are incomplete or inconsistent with the letters. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 29.

30. **With the assistance of the undersigned counsel, Plaintiff filed an appeal of the denial of WOP benefits on November 9, 2023.**

RESPONSE: Lincoln admits that Plaintiff's counsel submitted an appeal of the LWOP decision by letter dated November 9, 2023, which is set forth in the claim file and is the best evidence of its contents. Lincoln denies the allegations contained in Paragraph 30 to the extent they are incomplete or inconsistent with the letter. Unless expressly admitted, Lincoln denies any remaining allegations contained in Paragraph 30.

31. **Despite the additional evidence supporting Plaintiff's entitlement to LTD and WOP benefits, Unum erroneously and wrongfully continued to uphold its denial of Plaintiff's claim for LTD and WOP benefits by letters dated December 27, 2023.**

RESPONSE: Lincoln admits that it correctly upheld its determinations that Plaintiff failed to meet her burden of proof under the Group Policies and advised Plaintiff of the same by two separate letters dated December 27, 2023. The letters are set forth in the claim file and are the best evidence of their contents. Lincoln denies the remaining allegations contained in Paragraph 31.

32. **Defendant Lincoln breached the terms of the Plan and Policies. Furthermore, the Defendant violated ERISA in the following respects:**

(a)   Failing to pay LTD benefit payments and provide WOP coverage to Plaintiff when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan and Policies;

(b)   Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the Plan and Policies for denying Plaintiff's claims for LTD and WOP benefits;

(c)   After Plaintiff's claims were terminated, Lincoln (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claims along with an explanation of why such material is or was necessary;

(d)   Failing to adequately and in good faith investigate the merits of Plaintiff's disability claims and failing to provide a full and fair review of Plaintiff's claims properly and adequately;

(e)   Failing to consider all medical records and opinions from Plaintiff's medical providers;

(f)   Elevating the opinions of its non-treating record reviewers over those of Plaintiffs treating medical providers;

(g)   Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

(h)   Cherry-picking medical records that favored its self-interested adverse benefit determinations;

(i)   Ignoring Plaintiff's subjective symptoms even though they were observed or verified by others, including her treating medical providers;

12

**(j)    Failing to gather sufficient evidence to demonstrate that Plaintiff's medical conditions had improved to the point that she was no longer disabled and could (for eight hours a day and 40 hours a week) reliably and consistently perform the Main Duties of her Own Occupation; and**

**(k)    Placing its financial interests ahead of Plaintiffs interests.**

RESPONSE: Lincoln denies the allegations in Paragraph 32, including all subparts thereto.

**33.    Plaintiff alleges that Defendants wrongfully denied her LTD and WOP benefits by other acts or omissions not alleged in this Complaint, but which may be found in the record or discovered in this litigation.**

RESPONSE: Lincoln denies the allegations in Paragraph 33.

**34.    Following the denial of her LTD and WOP benefits, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations required of her under the Plan and Policies.**

RESPONSE: Lincoln admits that Plaintiff has taken the required number of appeals as set forth in the Group Policies. Otherwise, Lincoln denies the allegations contained in Paragraph 34.

**35.    Plaintiff has satisfied all conditions precedent to receive LTD benefits and WOP coverage under the Policies.**

RESPONSE: Lincoln denies the allegations in Paragraph 35.

**36.    As of the filing of this Complaint, Defendant has wrongfully withheld LTD benefits from Ms. Cordova since August 16, 2022.**

RESPONSE: Lincoln denies the allegations in Paragraph 36.

**37.    Defendant has wrongfully refused to extend Ms. Cordova's death benefit without payment of premiums since the date she became disabled.**

RESPONSE: Lincoln denies the allegations in Paragraph 37.

**38.     Defendant's wrongful withholding of Ms. Cordova's LTD benefits and refusal to provide WOP coverage has caused her to experience significant harms and losses - both economic and non-economic.**

RESPONSE: Lincoln denies the allegations in Paragraph 38.

**39.     Defendant's adverse benefit determinations have compelled Ms. Cordova to institute litigation to recover benefits and coverage owed to her under the Policies.**

39.     Lincoln denies the allegations in Paragraph 39.

**40.     As a direct and proximate result of Lincoln's adverse benefit determinations, Plaintiff has been required to incur attorneys' costs and fees in pursuing this action for the LTD benefits owed and WOP coverage provided under the respective Policies. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.**

RESPONSE: Lincoln denies the allegations in Paragraph 40.

**41.     Defendant's acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the Plan and Policies.**

RESPONSE: Lincoln denies the allegations in Paragraph 41.

<u>**ADDITIONAL DEFENSES, INCLUDING AFFIRMATIVE DEFENSES**</u>

Lincoln asserts the following defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action, as well as to the entire Complaint. Lincoln does not assume the burden of any defense asserted that is adjudged not to be an affirmative defense. Lincoln reserves the right to assert such other further defenses of which it may become aware through discovery or otherwise:

1.     Any allegation not specifically admitted previously in this Answer is now denied.

2.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3.      Lincoln's decisions were correct, not arbitrary and capricious, and/or were otherwise in accordance with the terms of the Group Policies.

4.      Plaintiff's claims against Lincoln, if any, arise under ERISA. To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are preempted by ERISA. *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

5.      Plaintiff's claims are barred due to her failure to provide sufficient evidence, documentation, and information to support the claims for benefits.

6.      The decisions to deny Plaintiff's claims under the Group Policies were based on a reasonable, correct, timely, and good-faith application of the facts and information obtained during the investigation of the claim and was based on a reasonable, good-faith application of the Group Policies' terms.

7.      Each and every act or statement done or made by Lincoln and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Lincoln's rights and, therefore, was privileged and/or justified.

8.      Lincoln has reasonably and substantially complied with and performed all of its promises, obligations and duties to Plaintiff and the handling of Plaintiff's claims for benefits complied fully with the terms and conditions of ERISA and its regulations.

9.      Substantial evidence supported the determinations concerning Plaintiff's claims.

10.     Plaintiff has received all benefits which are payable under the terms of the Group Policies.

11.    Lincoln asserts each and every provision of the Group Policies that is or may be construed as an affirmative defense.

12.    Lincoln has not breached any duty owed to Plaintiff.

13.    Plaintiff's claims are barred by the terms, conditions, limitations, and exclusions of the Group Policies, which are incorporated by reference as if fully set forth herein.

14.    Even if Plaintiff is currently disabled and eligible for benefits, which Lincoln denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, *inter alia*, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations under the Group Policies.

15.    To the extent Plaintiff is seeking future benefits, the Complaint fails to state a claim upon which relief can be granted.

16.    Lincoln is entitled to reimbursement, offset, and/or recovery of any overpayment to Plaintiff based upon the receipt of any other income benefits, including but not limited to reductions for retirement benefits, workers' compensation, or Social Security benefits for the period she received payment of unreduced LTD benefits.

17.    Plaintiff's demand for attorneys' fees should not be granted under ERISA because Lincoln's handling of Plaintiff's claim was reasonable and correct and all actions in the handling of said claim were taken in good faith.

18.    Plaintiff is limited to the evidence and arguments presented during the administrative process.

19.    There is no vesting of benefits under the Group Policies, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

16

20.    Lincoln complied with all duties under the law regarding the provision of decisions and information to Plaintiff.

21.    Lincoln is entitled to recover its attorneys' fees under 29 U.S.C. § 1132(g).

22.    ERISA preempts C.R.S. §§ 10-3-1115/1116.

23.    Alternatively, to the extent the Court finds that Plaintiff is entitled to any benefits under the Group Policies, said benefits are subject to various limitations and exclusions under the Group Policy, including but not limited to offsets for Social Security Disability Income benefits.

24.    Alternatively, the only appropriate remedy is a remand to the claims administrator.

25.    Alternatively, to the extent the Court finds that Plaintiff is entitled to any benefits under the Group Policies, said benefits are subject to various limitations and exclusions under the Group Policy, including several limitations for continued benefits after 24 months.

26.    Lincoln presently has insufficient knowledge or information from which to form a belief as to whether it may have additional affirmative or other defenses available. Lincoln reserves the right to assert additional defenses as deemed necessary and as permitted by the Federal Rules of Civil Procedure and by the rules of this Court.

**REQUESTED RELIEF**

Lincoln respectfully requests: (i) that the Court dismiss Plaintiff's claims against Lincoln with prejudice and that judgment be entered in Lincoln's favor on such claims; (ii) that Lincoln be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant Lincoln all other and further relief, at law or in equity, to which it is justly entitled.

17

Respectfully submitted this 19th day of February, 2024.

By: /s/ Cristin J. Mack
Cristin J. Mack
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone:  314-802-3935
cristin.mack@ogletree.com

*Attorneys For Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Shawn E. McDermott
Mary Susan Kern
4600 S. Ulster Street, Suite 800
Denver, Colorado 80202
shawn@mcdermottlaw.net
marysue@mcdermottlaw.net

By: *s/ Cristin J. Mack*
Cristin J. Mack

18

60304561.v1-OGLETREE